HENRY STEIN v. MICHAEL ROELLER and Others.[1]

November 20, 1896.

Nos. 10,241—(192).

Trial—Submission of Case—Reopening—Notice.

> After a cause has been tried, argued, and submitted to the court for determination, it has no power upon its own motion, and without a hearing, to open the same, and, by mere verbal notice to the attorney of the party whose interests are to be affected, proceed to take further testimony on the issues involved.

Action in the district court for Hennepin county on a promissory note. Matthew Walsh, assignee, intervened as claimant of the note. From a judgment in favor of plaintiff against defendants Roeller and another for $2,044.34, and against the intervenor for $18.03, entered in pursuance of the findings and order of Jamison, J., the intervenor appealed. Reversed.

*C. C. Joslyn* and *Henry J. Gjertsen*, for appellant.

*George D. Emery*, for respondent.

COLLINS, J. The principal question in this case was whether plaintiff was a bona fide purchaser for value, and before maturity, of the note on which the action was brought, the trial being had before the court without a jury. The settled case shows that "testimony closed, whereupon the case was argued and submitted to the court, who took the same under advisement," May 13, 1896. It further appears from the case as settled that, on May 21, the plaintiff and his attorney appeared before the court, no one appearing upon the other side, when the trial judge, after stating that he had told one of defendant's attorneys, the day before, that on his own motion he would take plaintiff's testimony that morning, proceeded to hear such testimony, all of which had a bearing upon the vital issue before mentioned. That the findings of fact in plaintiff's favor upon this issue were influenced by the evidence taken is obvious.

The proceeding was exceedingly irregular. On its own motion, and

[1] Reported in 68 N. W. 1087.

without a hearing, the case was opened by the court, verbal notice given that testimony would be taken, and evidence was received, ex parte, after there had been a submission of the cause to the court for decision.    After such a submission, the case could not be opened for further proceedings except for good cause and upon formal notice to the party whose interests were being affected.    Notices in civil proceedings are required to be in writing (G. S. 1894, § 5213), and the method of service is prescribed in the sections following.    The fact of notice in proceedings had in the courts cannot be allowed to rest in the uncertainty which would prevail if the practice here relied on were tolerated.    Of course, a different case would be before us if the intervenor or defendant or the attorney of either had appeared in response to the verbal notice, and without objection had taken part in the examination of the plaintiff witness.

Findings and judgment set aside, and a new trial granted.